UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID H ANDERSON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-609 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant Deutsche Bank National Trust Company's ("Deutsche Bank") amended motion to strike or, in the alternative, to dismiss. Doc. 21. Deutsche Bank moves to strike Plaintiffs David H. Anderson and Pabla O. Hernandez's amended complaint (Doc. 16) pursuant to Rule 12(f), to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), and, in the alternative, to dismiss Plaintiffs' complaint as barred by *res judicata*. Because the Court finds that Plaintiffs' claims against Deutsche Bank are barred by *res judicata*, Defendant's motion is granted and Plaintiffs' case is hereby dismissed.

Background

This case is based on the alleged wrongful foreclosure of Plaintiffs' home by Defendant Deutsche Bank. Deutsche Bank and Plaintiffs agree that Plaintiffs have not made mortgage payments since 2007. Doc. 21 at 2; Doc. 16-1 at 11. Plaintiffs contend, however, that Deutsche Bank is a "white collar criminal" enterprise (Doc. 16-2 at 1) and that the non-payment is, in essence, a protest of the fraudulent and predatory practices that form the basis of this suit. *Id.*

In 2008, Plaintiffs filed a similar suit alleging fraud and predatory lending claims arising

out of the same purchase and subsequent foreclosure of Plaintiffs' home against Southwest Home Loans, Argent Mortgage Company, Ameriquest Mortgage Securities, Inc., Citi Residential leasing, and Deutsche Bank in the Southern District of Texas. No. 4:08-cv-1942. That case subsequently was dismissed with prejudice as to all defendants except Southwest Home Loans. Doc. 40 in No. 4:08-cv-1942.

On February 23, 2010, Plaintiffs filed this suit against Deutsche Bank asserting claims of wrongful foreclosure, foreclosure fraud and misrepresentation, and violations of the Fair Debt Collections Practices Act. Doc. 1.

Plaintiff's Claims are Barred by *Res Judicata*

In order for a claim to be barred by the doctrine of *res judicata*, the following elements must be established: (1) the parties in both the prior and current suits must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits. *Oreck Direct LLC v. Dyson Inc.*, 560 F.3d 398, 401 (5th Cir. 2009); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004) (quoting *Howe v. Vaughn*, 913 F.2d 1138, 1143–44 (5th Cir. 1990)). If all four factors are present, all other claims or defenses that arise from the same nucleus of operative facts should be eliminated. *Id.*

It is clear here that the elements are satisfied here. David H. Anderson and Pabla O. Hernandez were listed as the named plaintiffs in an action against, *inter alia*, defendant Deutsche Bank National Trust Company in a case originally brought in Southern District of Texas. *See* Docket Sheet in No. 4:08-cv-1942. In that case, Judge Lake entered a final judgment against Anderson and Hernandez and dismissed their case with prejudice as to defendant Deutsche Bank. Doc. 40 in *id.* That case arose out of the alleged "wrongful foreclosure" of Plaintiffs' home by

Defendant Deutsche Bank, which Plaintiffs accused of "misrepresentation, discrimi-Nation [sic], deception, and knowingly, repeatedly submitting fraudulent information to the courts In [sic] unsuccessful foreclosure attempts on helpless people." Doc. 1 in *id.* Plaintiffs assert almost identical claims here, arising out of the same practices, and add claims under the Deceptive Trade Practices Act. Because it is clear that Plaintiffs' claims against Deutsche Bank arise out of the same common nucleus of operative fact as claims previously adjudged on the merits in a court of competent jurisdiction, their claims in this case are barred by *res judicata* and must be dismissed.

Conclusions

The Court hereby

**ORDERS** that Defendant Deutsche Bank National Trust Company's amended motion to dismiss for *res judicata* (Doc. 21) is **GRANTED**.

SIGNED at Houston, Texas, this 8th day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE